Michael L. Williams, OSB #78426
Mwilliams@wdolaw.com
Brian S. Campf, OSB #92248
Bcampf@wdolaw.com
Law Offices of Williams Love O'Leary Craine & Powers, P.C.
1001 S.W. 5th Avenue, Suite 1900
Portland, Oregon 97204-1135
(503) 295-2924
(503) 295-3720 (Facsimile)
Of Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| HELEN TURNER and JOHN TURNER, husband and wife, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>LEGACY HEALTH SYSTEM, an Oregon non-profit corporation; LEGACY GOOD SAMARITAN HOSPITAL AND MEDICAL CENTER, an Oregon non-profit corporation; and LEGACY MOUNT HOOD MEDICAL CENTER, an Oregon non-profit corporation,<br><br>        Defendants. | Case No. CV '04 1395 KI<br><br>CLASS ACTION ALLEGATION COMPLAINT FOR DAMAGES AND DECLARATORY, INJUNCTIVE AND OTHER EQUITABLE RELIEF (28 U.S.C. §§ 1331, 1340, and 1367)<br><br>JURY TRIAL DEMANDED |

Plaintiffs Helen and John Turner, on behalf of themselves and all others similarly

situated, file this class action complaint for damages and declaratory, injunctive and other

equitable relief against Defendants. Plaintiffs allege upon personal knowledge as to themselves

and their own acts, and on information and belief (based on the investigation of their counsel) as

to all other matters, as to which allegations they believe substantial evidentiary support will exist

after a reasonable opportunity for further investigation and discovery, as follows:

Page 1 CLASS ACTION COMPLAINT FOR DAMAGES
AND DECLARATORY, INJUNCTIVE AND OTHER EQUITABLE RELIEF

LAW OFFICES OF
WILLIAMS LOVE O'LEARY CRAINE & POWERS, P.C.
1001 SW 5th Avenue, Suite 1900
Portland, Oregon 97204-1135
503/295-2924
503/295-3720 (facsimile)

## I.    <u>INTRODUCTION</u>

1.      According to their web site, www.legacyhealth.org, Defendants Legacy Health System, Legacy Good Samaritan Hospital and Medical Center, and Legacy Mount Hood Medical Center ( "Legacy Health System," "Legacy Good Samaritan," and "Legacy Mount Hood," or collectively "Legacy") are "committed to serving all in need within our resources" and its mission is to "serve all in need regardless of their ability to pay."

2.      In fact, contrary to these representations, Legacy discriminates against the very patients who are supposed to benefit most from its charity care by engaging in a pattern and practice of charging inordinately inflated rates to its uninsured patients, including Plaintiffs and the Class they seek to represent, that are far higher than the rates it charges its insured patients for the same services.

3.      This pervasive discriminatory practice of hospitals charging their uninsured patients far more than they charge their insured patients for the same services was recently reported in a detailed analysis by the *Wall Street Journal* (September 21, 2004, "Anatomy of a Hospital Bill:  Uninsured Patients Often Face Big Markups on Small Items; 'Rules Are Completely Crazy,'" at B-1).

4.      Legacy also publicly represents itself as a "not-for-profit community benefit corporation," and it receives millions of dollars each year in tax exemptions under Section 501(c)(3) of the federal tax code, 26 U.S.C. § 501(c)(3), as a charitable, "non-profit" corporation that is required by law to engage in exclusively charitable purposes.

5.      In fact, again contrary to its representations, Legacy is highly profitable.  In its tax year from April 1, 2002 to March 31, 2003, for example, which is the most recent period for which the data are available, Legacy obtained over $700 million in revenue, it held over $208 million in cash and investment securities, and the cost of its physical plant (land, buildings and equipment) was over $550 million.

Page 2 CLASS ACTION COMPLAINT FOR DAMAGES
AND DECLARATORY, INJUNCTIVE AND OTHER EQUITABLE RELIEF

LAW OFFICES OF
WILLIAMS LOVE O'LEARY CRAINE & POWERS, P.C.
1001 SW 5th Avenue, Suite 1900
Portland, Oregon 97204-1135
503/295-2924
503/295-3720 (facsimile)

6.     During the same period, Legacy's President and CEO, Robert J. Pallari, received over $1.4 million in compensation and benefits.

7.     Such exorbitant "non-profit" salaries have recently caught the attention of the Internal Revenue Service, which is expected in the near future to conduct an investigation of purported "non-profit" charitable corporations around the country which, like Legacy, pay such high compensation to their top executives, as reported in the September 2, 2004 issue of the *Puget Sound Business Journal* ("Nonprofit payoff: Generous Compensation for Execs Draws Scrutiny").

8.     Although Legacy promises to provide affordable care to the uninsured poor, it has engaged and continues to engage in a pattern and practice of charging unfair, unreasonable and inflated prices for medical care to its uninsured patients who are generally the least able to pay these inflated and unreasonable charges.

9.     In essence, Legacy has enjoyed the benefits of its tax-exempt, charitable "non-profit" status while failing to fully comply with its obligations to provide affordable or charitable medical care to its uninsured patients, including Plaintiffs and the Class.

10.     Plaintiffs and the Class are the intended beneficiaries of contractual promises by Legacy to provide charitable care to the uninsured poor.  By charging unfair, unreasonable and inflated prices for medical care to its uninsured patients, Legacy has breached these contractual promises and caused economic damages to Plaintiffs and the Class.

11.     Legacy also owes Plaintiffs and the Class contractual duties of good faith and fair dealing.  Legacy has violated these duties of good faith and fair dealing and caused economic damages to Plaintiffs and the Class by failing generally to operate exclusively for charitable purposes; and specifically by conditioning the access of its uninsured patients to emergency medical care on their prior written agreement to pay for all charges not covered by insurance; by charging its uninsured patients rates that are unreasonable and much higher than the rates it

Page 3 CLASS ACTION COMPLAINT FOR DAMAGES
AND DECLARATORY, INJUNCTIVE AND OTHER EQUITABLE RELIEF

LAW OFFICES OF
WILLIAMS LOVE O'LEARY CRAINE & POWERS, P.C.
1001 SW 5th Avenue, Suite 1900
Portland, Oregon 97204-1135
503/295-2924
503/295-3720 (facsimile)

charges its insured patients for the same services; by failing to provide affordable or charitable medical care to the Plaintiffs and the Class; and by failing to use its substantial assets and revenues to provide affordable or charitable medical care to its uninsured patients.

12.    Plaintiffs and the Class are the intended beneficiaries of the federal Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395dd ("EMTALA"), which requires Legacy to provide emergency medical care without regard to the ability of individuals to pay for such care. Legacy has violated this federal law by requiring all uninsured patients, including Plaintiffs and the Class, to sign a written agreement agreeing to pay all medical charges not covered by insurance before it will provide them any emergency medical care. Legacy benefits from this violation not only by obtaining an agreement from the uninsured to pay for emergency medical care that they may not be required to pay for, but also by intimidating others from even pursuing emergency medical care at Legacy that they are entitled to receive under EMTALA. Plaintiffs and the Class have suffered personal harm as a result of these violations by Legacy.

13.    Moreover, by accepting the federal tax exemption as a charitable, non-profit corporation, Legacy entered into a public trust whereby it is to provide public benefits through the use of all excess revenues for the benefit of the community and meet the totality of its obligations to the community as a non-profit, tax-exempt entity. Plaintiffs and the Class are intended beneficiaries of this public trust.

14.    Legacy has breached this public trust and caused economic damages to Plaintiffs and the Class through the same acts and omissions set forth above, namely by its failure generally to operate exclusively for charitable purposes; and specifically by conditioning the access of its uninsured patients to emergency medical care on their prior written agreement to pay for all charges not covered by insurance; by charging its uninsured patients rates that are unreasonable and much higher than the rates it charges its insured patients for the same services; by failing to provide affordable or charitable medical care to Plaintiffs and the Class; and by

Page 4 CLASS ACTION COMPLAINT FOR DAMAGES
AND DECLARATORY, INJUNCTIVE AND OTHER EQUITABLE RELIEF

LAW OFFICES OF
WILLIAMS LOVE O'LEARY CRAINE & POWERS, P.C.
1001 SW 5th Avenue, Suite 1900
Portland, Oregon 97204-1135
503/295-2924
503/295-3720 (facsimile)

failing to use its substantial assets and revenues to provide affordable or charitable medical care to its uninsured patients.

15.     As a result of these unlawful actions and omissions, Legacy has been unjustly enriched at the expense of Plaintiffs and the Class. It has amassed hundreds of millions of dollars in cash and marketable securities that should be available, but it has not provided, to ensure affordable or charitable care for the uninsured whose care was contemplated by the provision of the charitable, non-profit tax exemption that Legacy enjoys. Plaintiffs and the Class have suffered economic damages as a result of this unjust enrichment by Legacy.

16.     For all these reasons, and as more fully described herein, Plaintiffs bring this case on behalf of themselves and a Class of similarly situated uninsured individuals who were treated at Legacy hospitals and were charged unfair, excessive and illegal rates by Legacy and have been injured by the unlawful conduct by Legacy set forth in this Complaint.

## II.    JURISDICTION AND VENUE

17.     This Court has jurisdiction over the subject matter of this controversy pursuant to 28 U.S.C. §§ 1331 and 1367 because Legacy conditioned the provision of emergency medical care to Plaintiffs and the Class on their prior written agreement to pay for all services not covered by insurance, in violation of EMTALA, 42 U.S.C. § 1395dd. This Court also has subject matter jurisdiction of this controversy pursuant to 28 U.S.C. §§ 1331, 1340 and 1367 because Plaintiffs' claims arise out of a federal contract between Legacy and the United States Government in which Legacy agreed to provide affordable medical care to its uninsured patients in exchange for a tax-exempt status under 26 U.S.C. § 501(c)(3), and because Plaintiffs' claims arise out of Legacy's duties and obligations under 26 U.S.C. § 501(c)(3).

18.     Venue in the District of Oregon is proper pursuant to 28 U.S.C. § 1391(b) because Legacy Health System, Legacy Good Samaritan and Legacy Mount Hood Legacy Health System

Page 5 CLASS ACTION COMPLAINT FOR DAMAGES
AND DECLARATORY, INJUNCTIVE AND OTHER EQUITABLE RELIEF

LAW OFFICES OF
WILLIAMS LOVE O'LEARY CRAINE & POWERS, P.C.
1001 SW 5th Avenue, Suite 1900
Portland, Oregon  97204-1135
503/295-2924
503/295-3720 (facsimile)

are located in this judicial district, and a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## III.    THE PARTIES

19.    Plaintiffs Helen and John Turner are husband and wife and are adult residents of Eagle Creek, Oregon.

20.    In July 2003, Mr. Turner had a heart attack and was taken to the Legacy Mount Hood hospital in Gresham, Oregon for treatment.  He was then transported to the Legacy Good Samaritan hospital in Portland, where heart bypass surgery was performed.   Mr. Turner was released from Legacy Good Samaritan five days later.

21.    Mr. and Mrs. Turner received a bill of approximately $12,000 for the care that Mr. Turner received at Legacy Mount Hood, and a bill of approximately $47,000 for the heart bypass surgery and other care he received at Legacy Good Samaritan.

22.    The manner in which Mr. Turner was admitted and charged by Legacy at Legacy Mount Hood and Legacy Good Samaritan demonstrates that he was a victim of the unlawful policies and practices complained of in this action.

23.    Defendant Legacy Health System is an Oregon non-profit corporation with its principal place of business in Portland, Oregon.

24.    Defendant Legacy Good Samaritan is an Oregon non-profit corporation with its principal place of business in Portland, Oregon.

25.    Defendant Legacy Mount Hood is an Oregon non-profit corporation with its principal place of business in Gresham, Oregon.

## IV.    FACTS

26.    According to its web site, www.legacyhealth.org, Legacy is "committed to serving all in need within our resources" and its mission is to "serve all in need regardless of their ability to pay."

Page 6 CLASS ACTION COMPLAINT FOR DAMAGES
AND DECLARATORY, INJUNCTIVE AND OTHER EQUITABLE RELIEF

LAW OFFICES OF
WILLIAMS LOVE O'LEARY CRAINE & POWERS, P.C.
1001 SW 5th Avenue, Suite 1900
Portland, Oregon  97204-1135
503/295-2924
503/295-3720 (facsimile)

27.     Legacy has four hospitals in Oregon: a 280-bed hospital in Portland (Legacy Good Samaritan), a 59-bed hospital in Gresham (Legacy Mount Hood), a 348-bed hospital in Portland (Legacy Emanuel Hospital and Health Center), and a 117-bed hospital in Tualatin (Legacy Meridian Park Hospital).

28.     Legacy is financially very successful.   According to its IRS Form 990, in its tax year from April 1, 2002 to March 31, 2003, which is the most recent period for which the data are available, Legacy obtained over $700 million in revenue, it held over $208 million in cash and investment securities, and the cost of its physical plant (land, buildings and equipment) was over $550 million.

29.     At all times relevant hereto, Legacy has received a federal income tax exemption as a "charitable" and "non-profit" institution under 26 U.S.C. § 501(c)(3).  Under Section 501(c)(3), Legacy is required to operate "exclusively" in furtherance of a charitable purpose, with no part of its operations attributable directly or indirectly to any noncharitable commercial purpose.

30.     At all times relevant hereto, Legacy has also enjoyed an exemption from Oregon property taxes as a "non-profit" organization under the Oregon property tax laws, ORS 307.130.

31.     By accepting these favorable tax exemptions as a purported charitable and non-profit organization, Legacy has explicitly and/or implicitly agreed to operate exclusively for charitable purposes; to provide affordable or charitable medical care to its uninsured patients; to charge its uninsured patients rates that are reasonable; not to charge its uninsured patients a higher rate than it charges its insured patients for the same services; to provide emergency medical care to all of its uninsured patients without regard to their ability to pay for such care; and to use its substantial assets and revenues to provide affordable or charitable medical care to its uninsured patients.

Page 7 CLASS ACTION COMPLAINT FOR DAMAGES
AND DECLARATORY, INJUNCTIVE AND OTHER EQUITABLE RELIEF

LAW OFFICES OF
WILLIAMS LOVE O'LEARY CRAINE & POWERS, P.C.
1001 SW 5th Avenue, Suite 1900
Portland, Oregon  97204-1135
503/295-2924
503/295-3720 (facsimile)

32.     By accepting these favorable tax exemptions as a purported charitable and non-profit corporation, Legacy also has entered into a public trust relationship with the United States Government and the State of Oregon and assumed public trust obligations to accomplish these charitable purposes.

33.     Legacy's uninsured patients, including Plaintiffs and the Class, were and are the express and/or implied intended third-party beneficiaries of such agreements and public trust obligations.

34.     Despite its favorable tax-exempt status and its substantial net revenues and asset reserves in the hundreds of millions of dollars, Legacy has breached its agreements with the United States and the State of Oregon, and has failed to comply with its public trust obligations, by failing to operate exclusively for charitable purposes; failing to provide affordable or charitable medical care to its uninsured patients; failing to charge its uninsured patients rates that are reasonable; charging its uninsured patients a higher rate than it charges its insured patients for the same services; failing to provide emergency medical care to all of its uninsured patients without regard to their ability to pay for such care; and failing to use its substantial assets and revenues to provide affordable or charitable medical care to its uninsured patients.

35.     Legacy's uninsured patients, including Plaintiffs and the Class, have not received the benefit of Legacy's agreements and public trust obligations to provide charitable or affordable care to its uninsured patients.  These uninsured patients primarily consist of workers who do not qualify for Medicaid or Medicare, but cannot afford private health insurance and/or cannot obtain private health insurance through their employers.

36.     Legacy claims to meet its charity care obligations to the community.  For example, in its 2003 Community Report, Legacy states that it provided $57 million in charity care for the uninsured and underinsured during for the year.

Page 8 CLASS ACTION COMPLAINT FOR DAMAGES
AND DECLARATORY, INJUNCTIVE AND OTHER EQUITABLE RELIEF

LAW OFFICES OF
WILLIAMS LOVE O'LEARY CRAINE & POWERS, P.C.
1001 SW 5th Avenue, Suite 1900
Portland, Oregon 97204-1135
503/295-2924
503/295-3720 (facsimile)

37.     This $57 million in claimed charity care in 2003 was equal to 8.1% of Legacy's $701.8 million in operating revenues in its tax year ending March 31, 2003.

38.     Legacy's publicly reported charity care is significantly inflated, however, because, on information and belief, it is based on the gross, undiscounted (or "full sticker") prices of the medical care that Legacy charges to its uninsured patients, instead of on the much lower discounted prices that Legacy charges its patients who have private insurance.

39.     Legacy engages in discriminatory pricing practices that have a significant detrimental impact on its uninsured patients.  Most hospitals, including, on information and belief, Legacy, maintain and use pricing documents, often called Chargemasters, that list the gross charges for each product and service provided by a hospital.

40.     These gross charges form the starting point for negotiations with private insurance companies and managed care corporations for reasonable reimbursements rates, which typically reimburse hospitals for a percentage of such gross prices.  These gross prices are also used to determine discounted Medicaid and Medicare reimbursements for patients who qualify for those programs.

41.     While Legacy gives private insurance companies and governmental payors like Medicaid and Medicare large discounts from these gross or "full sticker" prices, it charges its uninsured patients, including Plaintiffs and the Class, 100% of the gross, full sticker amounts. As a result, Legacy's uninsured patients can be charged as much as twice the amount charged to the insured for the same services.  Legacy has thus realized substantial revenues from this discriminatory charging practice.  On information and belief, the Turners were charged the "full sticker" price for Mr. Turner's hospital visits.

42.     On information and belief, the only patients that Legacy requires to pay the undiscounted, "full sticker" prices are its uninsured patients.  These undiscounted, "full sticker" prices that Legacy charges its uninsured patients are unreasonable and excessive.

Page 9 CLASS ACTION COMPLAINT FOR DAMAGES
AND DECLARATORY, INJUNCTIVE AND OTHER EQUITABLE RELIEF

LAW OFFICES OF
WILLIAMS LOVE O'LEARY CRAINE & POWERS, P.C.
1001 SW 5th Avenue, Suite 1900
Portland, Oregon 97204-1135
503/295-2924
503/295-3720 (facsimile)

43.    While Legacy has adopted a "charity care policy" for uninsured persons of limited financial means that discounts the charges to those patients up to a certain income level, on information and belief, it provides these "discounts" from the gross or "full sticker" prices, thus creating the illusion of a discount when its uninsured patients with limited financial means are actually charged as much or more than insured patients. Moreover, on information and belief, many uninsured patients who need charity care do not qualify for Legacy's discounts.

44.    According to Secretary of Health and Human Services Tommy Thompson, this problem of "hospitals charging the uninsured the highest rates is a serious issue that demands all of our attention." February 19, 2004 letter to Richard J. Davidson, President, American Hospital Association.

45.    Before Legacy admits any patient, including its uninsured patients, into its hospitals and/or emergency rooms for emergency medical care, it requires its patients to sign a form agreement promising to pay Legacy for all charges for medical care that are not covered by insurance. Often times, patients are asked to sign these forms when they are in no condition to know what they are signing. The Turners signed a consent to treatment form that contained such promises.

46.    Legacy will not admit a patient into its emergency rooms for emergency medical care unless the patient agrees in advance to pay for all such unspecified and undiscounted charges. This means that an uninsured patient seeking emergency services at Legacy must agree to pay for medical care at inflated "full sticker" rates as a pre-condition to being treated. The Turners, as uninsured persons, were charged full sticker prices for Mr. Turner's hospital stays.

47.    By placing these unlawful barriers on uninsured persons, Legacy actively discourages such persons from seeking emergency medical care.

48.    If Legacy did not place these unlawful pre-conditions on persons seeking emergency medical care, and used its enormous profits and accumulated assets to reduce the

Page 10 CLASS ACTION COMPLAINT FOR DAMAGES
AND DECLARATORY, INJUNCTIVE AND OTHER EQUITABLE RELIEF

LAW OFFICES OF
WILLIAMS LOVE O'LEARY CRAINE & POWERS, P.C.
1001 SW 5th Avenue, Suite 1900
Portland, Oregon 97204-1135
503/295-2924
503/295-3720 (facsimile)

medical charges to its uninsured patients to the same amounts that it charges its insured patients, and if it provided true and more extensive discounts to uninsured patients who cannot afford hospital care, it could substantially solve the problem of providing adequate medical care to the uninsured in our community, consistent with its status as a purported charitable, non-profit corporation.

49.    Absent an order from the Court, Plaintiffs and the Class will not be made whole nor will justice be provided for Legacy's uninsured patients.  Plaintiffs and the Class therefore seek injunctive relief requiring the immediate cessation of the foregoing practices by Legacy, including but not limited to charging its uninsured patients unfair, discriminatory, unreasonable and greatly-inflated rates.  Plaintiffs also seek restitution and appropriate damages for themselves and the Class.

## V.    **NAMED PLAINTIFF ALLEGATIONS**

50.    In July 2003, Plaintiff John Turner suffered a heart attack and was taken to the emergency room at the Legacy Mount Hood hospital in Gresham, Oregon.  He was then transferred to the Legacy Good Samaritan hospital in Portland, where he received heart bypass surgery.  Mr. Turner was released from Legacy Good Samaritan five days later.

51.    At the time, Plaintiffs John and Helen Turner had no health insurance and were not covered by the Oregon Health Plan or any other governmental plan covering their medical costs, and they could not afford to pay for such costs.

52.    Neither Mr. Turner nor Mrs. Turner had any health insurance and neither qualified for the Oregon Health Plan.

53.    Mrs. Turner had no full time employment at the time and was periodically collecting $105 per week in unemployment.

/ / /

Page 11 CLASS ACTION COMPLAINT FOR DAMAGES
AND DECLARATORY, INJUNCTIVE AND OTHER EQUITABLE RELIEF

LAW OFFICES OF
WILLIAMS LOVE O'LEARY CRAINE & POWERS, P.C.
1001 SW 5th Avenue, Suite 1900
Portland, Oregon 97204-1135
503/295-2924
503/295-3720 (facsimile)

54.    Mr. Turner received $760 per month in social security benefits and another $150 per month in retirement income at the time of his heart attack. The social security benefits are now $776.00 per month.

55.    Despite Plaintiffs' personal financial circumstances, Legacy billed the Turners approximately $12,000 for the care that Mr. Turner received at Legacy Mount Hood, and approximately $47,000 for the heart bypass surgery and other care that he received at Legacy Good Samaritan.

56.    Legacy said it would send financial assistance forms for the Turners to fill out, but it never did. The Turners nonetheless took the initiative and asked for the forms. They were then told by Legacy, however, that they did not qualify or that it was too late to qualify for financial assistance.

57.    Legacy then sent the bills to collection, and a collection agency, Asset Systems, Inc. sued the Turners to collect on the bills.

58.    The collection agency obtained a judgment against the Turners and subsequently placed a lien on their house.

59.    Legacy's hospital charges to the Turners of approximately $59,000 represent excessive and unreasonable rates, and violate Legacy's obligations to operate as a charitable, non-profit institution as described herein.

## VI.    CLASS ACTION ALLEGATIONS

60.    Plaintiffs brings this class action pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and 23(b)(3) on behalf of themselves and a Class of all other persons similarly situated, defined as follows:

> All persons who received medical care from Legacy (whether inpatient, outpatient or some other form) and were uninsured at the time of treatment and have been billed for the hospital services.

Page 12 CLASS ACTION COMPLAINT FOR DAMAGES
AND DECLARATORY, INJUNCTIVE AND OTHER EQUITABLE RELIEF

LAW OFFICES OF
WILLIAMS LOVE O' LEARY CRAINE & POWERS, P.C.
1001 SW 5th Avenue, Suite 1900
Portland, Oregon 97204-1135
503/295-2924
503/295-3720 (facsimile)

61.     The Class includes those who were charged and have paid excessive amounts on their bills, and also those who were charged and never paid these amounts.

62.     For purposes of this Class definition, and as used in this Complaint, Legacy's patients who are covered by Medicaid or Medicare are considered insured.

63.     Excluded from the Class are Legacy's officers, directors, trustees, legal representatives, heirs, successors, and assigns, and any judicial officer assigned to this case and his or her immediate family.

64.     The members of the Class are so numerous that joinder of all members is impracticable within the meaning of Fed. R. Civ. P. 23(a)(1).  Plaintiffs do not know the exact number of Class members because such information is in the exclusive custody and control of Legacy, but, on information and belief, the number is in the thousands.

65.     There are common questions of law and fact that predominate over any issues affecting only individual class members, within the meaning of Fed. R. Civ. P. 23(a)(2) and (b)(3), including but not limited to:

(a)     whether Legacy entered into express and/or implied agreements with the United States Government and the State of Oregon that in return for the substantial tax exemptions it received as a purported charitable, non-profit organization, it would operate exclusively for charitable purposes and provide affordable or charitable medical care to its uninsured patients; charge its uninsured patients rates that are reasonable; not charge its uninsured patients a higher rate than it charges its insured patients for the same services; provide emergency medical care to all of its uninsured patients without regard to their ability to pay for such care; and use its substantial assets and revenues to provide affordable or charitable medical care to its uninsured patients;

(b)     whether Legacy breached such agreements with the United States Government and the State of Oregon by failing to operate exclusively for charitable purposes;

Page 13 CLASS ACTION COMPLAINT FOR DAMAGES
AND DECLARATORY, INJUNCTIVE AND OTHER EQUITABLE RELIEF

LAW OFFICES OF
WILLIAMS LOVE O'LEARY CRAINE & POWERS, P.C.
1001 SW 5th Avenue, Suite 1900
Portland, Oregon 97204-1135
503/295-2924
503/295-3720 (facsimile)

failing to provide affordable or charitable medical care to its uninsured patients; failing to charge its uninsured patients rates that are reasonable; charging its uninsured patients higher rates than it charges its insured patients for the same services; failing to provide emergency medical care to all of its uninsured patients without regard to their ability to pay for such care; and failing to use its substantial assets and revenues to provide affordable or charitable medical care to its uninsured patients;

(c)    whether Plaintiffs and the Class are express and/or implied intended third party beneficiaries to such agreements between Legacy and the United States Government and the State of Oregon;

(d)    Whether before admitting any patient, including its uninsured patients, for emergency medical care, Legacy requires its patients to sign a form agreement promising to pay Legacy for all charges for such care that are not covered by insurance;

(e)    whether Legacy owes a contractual duty of good faith and fair dealing to Plaintiffs and the Class based on its express and/or implied agreements with the United States Government and the State of Oregon;

(f)    whether Legacy owes a contractual duty of good faith and fair dealing to Plaintiffs and the Class based on its form agreement under which all of its patients, including its uninsured patients, must promise to pay Legacy for all charges for emergency medical care that are not covered by insurance before Legacy will provide them with such care;

(g)    whether Legacy has breached its contractual duty of good faith and fair dealing to Plaintiffs and the Class by failing to operate exclusively for charitable purposes; failing to provide affordable or charitable medical care to its uninsured patients; failing to charge its uninsured patients rates that are reasonable; charging its uninsured patients higher rates than it charges its insured patients for the same services; failing to provide emergency medical care to all of its uninsured patients without regard to their ability to pay for such care; and failing to use

Page 14 CLASS ACTION COMPLAINT FOR DAMAGES
AND DECLARATORY, INJUNCTIVE AND OTHER EQUITABLE RELIEF

LAW OFFICES OF
WILLIAMS LOVE O'LEARY CRAINE & POWERS, P.C.
1001 SW 5th Avenue, Suite 1900
Portland, Oregon 97204-1135
503/295-2924
503/295-3720 (facsimile)

its substantial assets and revenues to provide affordable or charitable medical care to its uninsured patients;

(h)    whether Legacy has violated EMTALA, 42 U.S.C. § 1395dd, by conditioning the access of Plaintiffs and the Class to emergency medical care on their prior written agreement to pay for all charges not covered by insurance;

(i)    whether Legacy's failure to disclose to Plaintiffs and the Class that it charges its uninsured patients undiscounted, full sticker rates that are much higher than what it charges its insured patients for the same services was unfair, misleading, deceptive or illegal;

(j)    whether Legacy has engaged in unfair or deceptive business practices that proximately caused economic harm and other injury to Plaintiffs and the Class;

(k)    whether by accepting the federal tax exemption under Section 501(c)(3) as a purported charitable, non-profit organization, Legacy entered into a public trust whereby it is to provide public benefits through the use of all excess revenues for the benefit of the community and meet the totality of its obligations to the community as a non-profit, tax-exempt entity;

(l)    whether Plaintiffs and the Class are intended beneficiaries of the public trust created by Legacy's receipt of the exemption from federal taxes under Section 501(c)(3) and by reason of the operation of that statutory provision;

(m)    whether Legacy has breached its public trust obligations by failing to operate exclusively for charitable purposes; failing to provide affordable or charitable medical care to its uninsured patients; failing to charge its uninsured patients rates that are reasonable; charging its uninsured patients higher rates than it charges its insured patients for the same services; failing to provide emergency medical care to all of its uninsured patients without regard to their ability to pay for such care; and failing to use its substantial assets and revenues to provide affordable or charitable medical care to its uninsured patients;

Page 15 CLASS ACTION COMPLAINT FOR DAMAGES
AND DECLARATORY, INJUNCTIVE AND OTHER EQUITABLE RELIEF

LAW OFFICES OF
WILLIAMS LOVE O'LEARY CRAINE & POWERS, P.C.
1001 SW 5th Avenue, Suite 1900
Portland, Oregon 97204-1135
503/295-2924
503/295-3720 (facsimile)

(n)    whether Legacy, through its conduct, has been unjustly enriched to the detriment of Plaintiffs and the Class; and

(o)    whether the foregoing acts and conduct of Legacy render it liable to Plaintiffs and the Class for damages and injunctive, declaratory and other equitable relief.

66.    The crucial, dispositive issues that will determine whether Legacy's conduct has violated and continues to violate the law are based entirely or predominately on common facts with respect to Legacy's policies and practices.

67.    The claims of the Plaintiffs are typical of the claims of the Class as a whole within the meaning of Fed. R. Civ. P. 23(a)(3). Plaintiffs belong to the Class and have suffered harm and are likely to continue to suffer harm due to the unfair, unreasonable, and unlawful policies and practices of Legacy.

68.    Plaintiffs will fairly and adequately protect the interests of the Class within the meaning of Fed. R. Civ. P. 23(a)(4). The interests of Plaintiffs are consistent with and not antagonistic to the interests of the Class. Plaintiffs have retained counsel experienced in handling complex consumer class actions.

69.    The prosecutions of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications on the common issues of law and fact related to this action, within the meaning of Fed. R. Civ. P. 23(b)(1).

70.    Plaintiffs are informed and believe and thereon allege that Legacy has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or declaratory relief with respect to the Class as a whole within the meaning of Fed. R. Civ. P. 23(b)(2).

71.    This class action is superior to other available methods for the fair and efficient adjudication of the controversy between the parties, within the meaning of Fed. R. Civ. 23(b)(3). On information and belief, the interests of members of the Class in individually controlling the

Page 16 CLASS ACTION COMPLAINT FOR DAMAGES
AND DECLARATORY, INJUNCTIVE AND OTHER EQUITABLE RELIEF

LAW OFFICES OF
WILLIAMS LOVE O'LEARY CRAINE & POWERS, P.C.
1001 SW 5th Avenue, Suite 1900
Portland, Oregon 97204-1135
503/295-2924
503/295-3720 (facsimile)

prosecution of a separate action is low, in that most Class members would be unable to individually prosecute any action at all. The amounts at stake for individuals, while significant, are sufficiently small for most or all Class members relative to the costs of prosecution, that separate suits would be impractical and uneconomical, and most members of the Class would not be able to find counsel to represent them. Concentrating litigation in one forum will promote judicial efficiency by resolving the common questions of law and fact in one forum, rather than in multiple courts.

72.    A class action would be manageable within the meaning of Fed. R. Civ. 23(b)(3). Individualized litigation also presents a potential for inconsistent or contradictory judgments. By contrast, the class action device presents far fewer management difficulties; allows the hearing of claims which might otherwise go unaddressed because of the relative expense of bringing individual lawsuits; and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

73.    Class certification pursuant to Fed. R. Civ. P. 23(b)(3) is appropriate because the common issues of fact and law alleged herein are common to the Class and predominate over any questions affecting only individual members, thereby rendering the class action superior to all other available methods for the fair and efficient adjudication of this controversy.

74.    Class certification is also appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Legacy's actions with respect to its unlawful and discriminatory policies and practices are applicable to Plaintiffs and the Class, thereby warranting appropriate injunctive and/or declaratory relief.

## VII.    **EQUITABLE TOLLING AND STATUTES OF LIMITATIONS**

75.    Any applicable statutes of limitations have been tolled by Legacy's deceptive pricing practices. Legacy has concealed from Plaintiffs and the Class the truth about its discriminatory practice of charging its uninsured patients, including Plaintiffs and the Class, far

LAW OFFICES OF
WILLIAMS LOVE O'LEARY CRAINE & POWERS, P.C.
1001 SW 5th Avenue, Suite 1900
Portland, Oregon 97204-1135
503/295-2924
503/295-3720 (facsimile)

more than it charges its insured patients for the same services, thereby tolling the running of the applicable statutes of limitations.

76.    Plaintiffs and the Class could not have reasonably discovered Legacy's wrongful and discriminatory pricing practices and other unfair and deceptive conduct as alleged herein.

77.    Legacy is estopped from relying on any statute of limitations defense because of its unfair and deceptive conduct.

78.    Until shortly before filing this Complaint, Plaintiffs had no knowledge that Legacy engaged in a discriminatory and deceptive practice of charging its uninsured patients much higher rates than it charges its insured patients for the same services.

79.    At times of medical need, Plaintiffs and the Class sought medical care from Legacy, believing that it would evaluate and treat them regardless of whether they could pay.

80.    However, on arriving at the facilities of Legacy, Plaintiffs and the Class were forced to sign form agreements guaranteeing payment as a condition of their treatment.  Their harsh choice was either to guarantee payment for unspecified charges, or to ignore the medical problems or emergencies that brought them to the hospital in the first place, thereby placing their lives and/or health at risk.  Given this unconscionable "choice," Plaintiffs and the Class signed these forms under duress.

81.    Given the coercive and intimidating circumstances under which these form agreements were signed, they are not valid contracts and are void.  Similarly, the crushing debt, potentially crippling judgments, and unjust liens derived from these contracts signed under duress are void as well.

### VIII.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Breach of Contract
### (Third Party Beneficiaries)

LAW OFFICES OF
WILLIAMS LOVE O'LEARY CRAINE & POWERS, P.C.
1001 SW 5th Avenue, Suite 1900
Portland, Oregon 97204-1135
503/295-2924
503/295-3720 (facsimile)

82.    Plaintiffs incorporate and adopt by reference the allegations set forth in the preceding paragraphs of the Complaint.

83.    By accepting the federal tax exemption as a purported charitable, non-profit organization under Section 501(c)(3), Legacy explicitly and/or implicitly agreed with the United States Government that in return for that tax exemption it would operate exclusively for charitable purposes; provide affordable or charitable medical care to its uninsured patients; charge its uninsured patients rates that are reasonable and not higher than the rates it charges its insured patients for the same services; provide emergency medical care to all of its uninsured patients without regard to their ability to pay for such care; and use its substantial assets and revenues to provide affordable or charitable medical care to its uninsured patients.

84.    By accepting the Oregon property tax exemption as a purported charitable, non-profit organization under ORS 307.130, Legacy likewise explicitly and/or implicitly agreed with the State of Oregon that in return for those tax exemptions it would operate exclusively for charitable purposes; provide affordable or charitable medical care to its uninsured patients; charge its uninsured patients rates that are reasonable and not higher than the rates it charges its insured patients for the same services; provide emergency medical care to all of its uninsured patients without regard to their ability to pay for such care; and use its substantial assets and revenues to provide affordable or charitable medical care to its uninsured patients.

85.    Plaintiffs and the Class are express and/or implied intended third party beneficiaries of these agreements between Legacy and the United States Government and/or the State of Oregon.

86.    Legacy has breached these agreements with the United States Government and/or the State Oregon by failing to operate exclusively for charitable purposes; failing to provide affordable or charitable medical care to its uninsured patients; failing to charge its uninsured patients rates that are reasonable; charging its uninsured patients higher rates than it charges its

LAW OFFICES OF
WILLIAMS LOVE O'LEARY CRAINE & POWERS, P.C.
1001 SW 5th Avenue, Suite 1900
Portland, Oregon 97204-1135
503/295-2924
503/295-3720 (facsimile)

insured patients for the same services; failing to provide emergency medical care to all of its uninsured patients without regard to their ability to pay for such care; and failing to use its substantial assets and revenues to provide affordable or charitable medical care to its uninsured patients.

87.     Such conduct by Legacy is contrary to its purported charitable purpose and non-profit status.  As a result of such conduct, Plaintiffs and the Class have not received the benefit of Legacy's agreements with the United States Government and/or the State Oregon.

88.     These breaches of contract by Legacy have proximately caused Plaintiffs and the Class economic injury and other damages.

## SECOND CAUSE OF ACTION
### Breach of Contract

89.     Plaintiffs incorporate and adopt by reference the allegations set forth in the preceding paragraphs of the Complaint.

90.     Before admitting any patient, including its uninsured patients, into its hospitals and/or emergency rooms for emergency medical care, Legacy requires its patients to sign a form agreement promising to pay Legacy for all charges for medical care that are not covered by insurance.

91.     By accepting and admitting Plaintiffs and the Class into its hospitals for medical care, Legacy undertook an express and/or implied contractual obligation to charge Plaintiffs and the Class no more than a fair and reasonable charge for such medical care.

92.     Legacy breached its contractual obligations under such agreements by charging Plaintiffs and the Class, on information and belief, the highest and full undiscounted rates for the medical care, in amounts much higher than what it charges its insured patients for the same services.

/ / /

LAW OFFICES OF
WILLIAMS LOVE O'LEARY CRAINE & POWERS, P.C.
1001 SW 5th Avenue, Suite 1900
Portland, Oregon  97204-1135
503/295-2924
503/295-3720 (facsimile)

93.    These full, undiscounted charges that Legacy charged Plaintiffs and the Class are unfair, unreasonable, and bear no reasonable relation to the actual cost of providing such services.

94.    By charging these unfair, unreasonable and excessive charges to Plaintiffs and the Class, Legacy breached its express and/or implied contractual obligation to charge Plaintiffs and the Class no more than a fair and reasonable charge for such medical care.

95.    These breaches of contract have proximately caused Plaintiffs and the Class economic injury and other damages.

### THIRD CAUSE OF ACTION
### Breach of Duty of Good Faith and Fair Dealing

96.    Plaintiffs incorporate and adopt by reference the allegations set forth in the preceding paragraphs of the Complaint.

97.    Legacy's conduct, as alleged above, also constitutes a breach of its duty of good faith and fair dealing under its express or implied contracts with the United States and/or the State of Oregon as set forth in Plaintiffs' First Cause of Action.

98.    Plaintiffs and the Class are express and/or implied intended third party beneficiaries of the agreements described above between the United States Government and/or the State Oregon wherein Legacy agreed to provide affordable or charitable medical care to Plaintiffs and the Class in return for substantial federal and state tax exemptions.

99.    Alternatively, Plaintiffs and the Class entered into an express contractual relationship with Legacy when they were admitted to a Legacy hospital for the purpose of receiving medical care.

100.    Legacy breached its duty of good faith and fair dealing to Plaintiffs and the Class under these contractual relationships by failing to operate exclusively for charitable purposes; failing to provide affordable or charitable medical care to its uninsured patients; charging its

LAW OFFICES OF
WILLIAMS LOVE O'LEARY CRAINE & POWERS, P.C.
1001 SW 5th Avenue, Suite 1900
Portland, Oregon 97204-1135
503/295-2924
503/295-3720 (facsimile)

uninsured patients inflated rates that are unreasonable and higher than the rates it charges its insured patients for the same services; conditioning the access of its uninsured patients to emergency medical care on their prior written agreement to pay for all charges not covered by insurance; and failing to use its substantial assets and revenues to provide affordable or charitable medical care to its uninsured patients.

101.    Such unfair and bad faith conduct by Legacy proximately caused economic injury and other damages to Plaintiffs and the Class.

### FOURTH CAUSE OF ACTION
### Violation of Emergency Medical Treatment and Active Labor Act (EMTALA)
### (42 U.S.C. § 1395dd)

102.    Plaintiffs incorporate and adopt by reference the allegations set forth in the preceding paragraphs of the Complaint.

103.    Each of the hospitals owned and operated by Legacy is a "participating hospital" as defined in EMTALA, 42 U.S.C. § 1395cc and § 1395dd.

104.    EMTALA expressly provides a private right of action to Plaintiffs and the Class, pursuant to 42 U.S.C. § 1395dd(d)(2).

105.    Legacy required Plaintiffs and the Class to sign form agreements agreeing to pay in full for unspecified and undiscounted medical charges, including all medical charges not covered by insurance, before admitting Plaintiffs and the Class into its emergency room for emergency medical care.

106.    Plaintiffs and the Class sought medical care from Legacy, believing it would evaluate and treat them regardless of whether they could pay.  On arriving at the facilities of Legacy, however, Plaintiffs and the Class were forced to sign these form agreements guaranteeing payment as a condition of receiving treatment.

/ / /

LAW OFFICES OF
WILLIAMS LOVE O'LEARY CRAINE & POWERS, P.C.
1001 SW 5th Avenue, Suite 1900
Portland, Oregon  97204-1135
503/295-2924
503/295-3720 (facsimile)

107. The choice that Legacy imposed on Plaintiffs and the Class was either to guarantee payment for unspecified charges as a condition to receiving treatment, or to ignore the medical problems or emergencies that brought them to the hospital in the first place, thereby placing their lives and/or health at risk. In light of the circumstances of this unconscionable "choice" imposed by Legacy, Plaintiffs and the Class signed these form agreements under duress.

108. Plaintiffs and the Class were personally harmed by the stress, indignity and intimidation of being forced to sign these form agreements as a condition to receiving treatment under these coercive conditions.

109. By conditioning medical treatment for "emergency medical conditions" on the prior written agreement by Plaintiffs and the Class to pay all charges not covered by insurance, Legacy has failed to provide emergency room medical care to Plaintiffs and the Class without regard to their ability to pay for such care.

110. Legacy has therefore violated EMTALA, 42 U.S.C. § 1395dd, which requires Legacy to provide emergency room medical care to Plaintiffs and the Class without regard to their ability to pay for such care.

111. Under these circumstances, because Legacy required Plaintiffs and the Class to sign these form agreements under duress, because the form agreements were contracts of adhesion, and because the agreements violated EMTALA, the form agreements are void or voidable, and they should be declared void and unenforceable by the Court.

112. Based on these illegally obtained payment guarantees, Plaintiffs and the Class have been personally harmed by incurring grossly inflated medical debts at rates much higher than the rates Legacy charges its insured patients for the same services.

/ / /

Page 23 CLASS ACTION COMPLAINT FOR DAMAGES
AND DECLARATORY, INJUNCTIVE AND OTHER EQUITABLE RELIEF

LAW OFFICES OF
WILLIAMS LOVE O'LEARY CRAINE & POWERS, P.C.
1001 SW 5th Avenue, Suite 1900
Portland, Oregon 97204-1135
503/295-2924
503/295-3720 (facsimile)

113.    Plaintiffs and the Class have also been personally harmed by subsequent collection efforts, wage garnishments, court judgments, lien proceedings and bankruptcies arising from these illegally obtained payment guarantees.

114.    These violations of EMTALA by Legacy have proximately caused Plaintiffs and the Class economic injury, personal harm and other damages, and they should be enjoined because they cause untold injury to others who are discouraged from seeking emergency treatment at Legacy because of the false impression created by these form contracts.

**FIFTH CAUSE OF ACTION**
**<u>Violation of Oregon Unfair Trade Practices Act</u>**
**(ORS 646.005 et seq.)**

115.    Plaintiffs incorporate and adopt by reference the allegations set forth in the preceding paragraphs of the Complaint.

116.    As described herein, Legacy has violated the Oregon Unfair Trade Practices Act ("UTPA"), ORS 646.005 et seq., by willfully engaging in and continuing to engage in unfair or deceptive acts in the course of their business that have proximately caused Plaintiffs and the Class to suffer economic damages and other injuries.

117.    Among other things, as described herein, Legacy has unfairly and unlawfully charged their uninsured patients, including Plaintiffs and the Class, discriminatory rates that are significantly higher than the rates it charges its insured patients for the same services.

118.    Legacy's practice of charging such inflated and unreasonably high charges to its uninsured patients, including Plaintiffs and the Class, constitutes an unfair or deceptive business practice under the UTPA in that members of the public, including Plaintiffs and the Class, are likely to be deceived by Legacy's public description of itself as a "charitable" and "non-profit" health care provider that is "committed to serving all in need within our resources" and whose mission is to "serve all in need regardless of their ability to pay" (www.legacyhealth.org).

LAW OFFICES OF
WILLIAMS LOVE O'LEARY CRAINE & POWERS, P.C.
1001 SW 5th Avenue, Suite 1900
Portland, Oregon 97204-1135
503/295-2924
503/295-3720 (facsimile)

119.    Contrary to these representations, Legacy discriminates against the very patients who are supposed to benefit most from its charity care by engaging in a pattern and practice of charging inordinately inflated rates to its uninsured patients, including Plaintiffs and the Class, that are much higher than the rates it charges its insured patients for the same services.

120.    Legacy publicly represents itself as a "non-profit" health care provider, and receives millions of dollars each year in federal tax exemptions as a "charitable" and "non-profit" corporation required by law to engage in exclusively charitable purposes. Legacy is similarly exempt from Oregon property taxes based on its purported charitable, "non-profit" status.

121.    In fact, contrary to these representations, Legacy is highly profitable. In its tax year from April 1, 2002 to March 31, 2003, for example, which is the most recent period for which the data are available, Legacy obtained over $700 million in revenue, it held over $208 million in cash and investment securities, and the cost of its physical plant (land, buildings and equipment) was over $550 million.

122.    During the same period, Legacy's President and CEO, Robert J. Pallari, received over $1.4 million in compensation and benefits.

123.    Some of Legacy's abundant profits have been earned, and continue to be earned, at the expense of Legacy's uninsured patients, including Plaintiffs and the Class. Such conduct is offensive to public policy.

124.    The failure by Legacy to disclose to Plaintiffs and the Class, at the time they were required to sign the form agreement before being admitted to the hospital, that they would be charged undiscounted, "full sticker" rates much higher than the rates Legacy charges its insured patients for the same services, was also an unfair or deceptive act.

/ / /

LAW OFFICES OF
WILLIAMS LOVE O'LEARY CRAINE & POWERS, P.C.
1001 SW 5th Avenue, Suite 1900
Portland, Oregon  97204-1135
503/295-2924
503/295-3720 (facsimile)

125.    Plaintiffs and the Class had every right to believe that Legacy, as a purported charitable, non-profit corporation, would not charge its uninsured patients much higher rates than it charges its insured patients for the same services.

126.    Legacy never told Plaintiffs and the Class that it charges uninsured patients far more than it charges insured patients for the same services.  These omissions were material to Plaintiffs and the Class as they signed the form agreements guaranteeing payment.

127.    The form agreements that Legacy required and continues to require its uninsured patients, including Plaintiffs and the Class, to sign as a condition to receiving treatment is a classic example of unequal bargaining power.  A medically indigent patient in pain and likely to sign any document to obtain treatment is in no position to negotiate terms to a form agreement that must be signed (with payment guaranteed in advance) to obtain that treatment.  A special relationship founded on unequal bargaining power existed, and exists, with respect to these form agreements.

128.    These unfair or deceptive acts of Legacy violate the UTPA, ORS 646.608.

129.    Each of these unfair or deceptive acts and practices by Legacy in violation of the UTPA has proximately caused Plaintiffs and the Class economic damages and other injuries.

130.    As a proximate result of these violations of the UTPA, Legacy has been unjustly enriched at the expense and to the detriment of Plaintiffs and the Class.

131.    As a result of these unfair or deceptive acts and practices, Plaintiffs and the Class are entitled to damages and equitable and injunctive relief against Legacy under the UTPA, including actual damages, restitution of all excessive and unlawful medical charges and disgorgement of profits, attorney's fees and costs, and injunctive and declaratory relief to prevent such conduct in the future.

**SIXTH CAUSE OF ACTION**
**<u>Breach of Public Trust</u>**

Page 26 CLASS ACTION COMPLAINT FOR DAMAGES
AND DECLARATORY, INJUNCTIVE AND OTHER EQUITABLE RELIEF
LAW OFFICES OF
WILLIAMS LOVE O'LEARY CRAINE & POWERS, P.C.
1001 SW 5th Avenue, Suite 1900
Portland, Oregon 97204-1135
503/295-2924
503/295-3720 (facsimile)

132.    Plaintiffs incorporate and adopt by reference the allegations set forth in the preceding paragraphs of the Complaint.

133.    By accepting the federal tax exemption as a purported charitable, non-profit organization, Legacy entered into a public trust whereby it is to provide public benefits through the use of all excess revenues for the benefit of the community and meet the totality of its obligations to the community as a non-profit, tax-exempt entity.

134.    Plaintiffs and the Class are the beneficiaries of the public trust created by Legacy's receipt of exemption from federal taxes as a purported charitable, non-profit organization and by operation of that statutory provision.

135.    Despite the existence of this public trust and the favorable tax-exempt status received by Legacy as the quid pro quo, Legacy has failed to operate exclusively for charitable purposes; has failed to provide affordable or charitable medical care to the Plaintiffs and the Class; has charged its uninsured patients rates that are unreasonable and are higher than the rates it charges its insured patients for the same services; has conditioned the access of its uninsured patients to emergency medical care on their prior written agreement to pay for all charges not covered by insurance; and has failed to use its substantial assets and revenues to provide affordable or charitable medical care to its uninsured patients.

136.    These breaches of Legacy's public trust obligations have caused Plaintiffs and the Class economic injury and other damages.

### SEVENTH CAUSE OF ACTION
### Unjust Enrichment

137.    Plaintiffs incorporate and adopt by reference the allegations set forth in the preceding paragraphs of the Complaint.

138.    Legacy has been unjustly enriched at the expense of Plaintiffs and the Class.  As described herein, Legacy has failed to provide affordable or charitable medical care to Plaintiffs

LAW OFFICES OF
WILLIAMS LOVE O'LEARY CRAINE & POWERS, P.C.
1001 SW 5th Avenue, Suite 1900
Portland, Oregon 97204-1135
503/295-2924
503/295-3720 (facsimile)

and the Class despite receiving millions of dollars in federal tax exemptions for such purpose. Contrary to Legacy's charitable, non-profit, tax-exempt status, it has failed to use its substantial assets and revenues to provide affordable medical care to Plaintiffs and the Class.

139.    Plaintiffs and the Class have suffered economic damages and other damages as a proximate result of Legacy's unjust enrichment.

140.    Plaintiffs and the Class are therefore entitled to and request the imposition of a constructive trust on all profits that Legacy has wrongfully obtained by charging them the full, undiscounted cost of medical care and failing to provide them with affordable or charitable medical care.

141.    In addition, or alternatively, Plaintiffs and the Class seek full disgorgement and restitution of Legacy's enrichment, benefits and ill-gotten gains acquired as a result of the unlawful and wrongful conduct alleged herein.

## EIGHTH CAUSE OF ACTION
### Declaratory and Injunctive Relief

142.    Plaintiffs incorporate and adopt by reference the allegations set forth in the preceding paragraphs of the Complaint.

143.    As a result of Legacy's wrongful, unfair, discriminatory and unlawful conduct as described herein, Plaintiffs and the Class have suffered and, unless abated, will continue to suffer severe and irreparable economic harm and other injuries.

144.    Accordingly, Plaintiffs and the Class respectfully request that this Court enter a preliminary and/or permanent injunction, in accordance with Fed. R. Civ. P. 23(b)(2):

a.      ordering Legacy to cease and desist charging Plaintiffs and the Class the highest and full undiscounted charges for medical care;

/ / /

/ / /

Page 28 CLASS ACTION COMPLAINT FOR DAMAGES
AND DECLARATORY, INJUNCTIVE AND OTHER EQUITABLE RELIEF

LAW OFFICES OF
WILLIAMS LOVE O'LEARY CRAINE & POWERS, P.C.
1001 SW 5th Avenue, Suite 1900
Portland, Oregon 97204-1135
503/295-2924
503/295-3720 (facsimile)

     b.    ordering Legacy to cease and desist charging Plaintiffs and the Class a higher amount for medical services than it charges its insured patients for the same services; and

     c.    ordering Legacy to cease and desist conditioning the access of its uninsured patients to emergency medical care on their prior written agreement to pay for all charges not covered by insurance.

145.    Plaintiffs and the Class also respectfully request that this Court issue a declaratory and injunctive order from the Court, in accordance with Fed. R. Civ. P. 23(b)(2):

     d.    declaring that the form agreements that Legacy required Plaintiffs and the Class to sign as a condition to receiving emergency medical care are void and unenforceable because they were signed under duress, were contracts of adhesion, and violated EMTALA, 42 U.S.C. § 1395dd;

     e.    requiring Legacy to provide affordable or charitable care to Plaintiffs and the Class; and

     f.    requiring Legacy to charge Plaintiffs and the Class no more for medical services than it charges its insured patients for the same services.

## IX.    **REQUEST FOR JURY TRIAL**

146.    Plaintiffs, on behalf of themselves and the Class, request a jury trial on all claims so triable.

## X.    **PRAYER FOR RELIEF**

WHEREFORE, on behalf of themselves and the Class, Plaintiffs pray for the following relief against Legacy:

A.    Certification of the proposed Class under Fed. R. Civ. P. 23, and appointment of Plaintiffs and their undersigned counsel to represent the Class;

LAW OFFICES OF
WILLIAMS LOVE O'LEARY CRAINE & POWERS, P.C.
1001 SW 5th Avenue, Suite 1900
Portland, Oregon 97204-1135
503/295-2924
503/295-3720 (facsimile)

B.    All economic, monetary, actual, consequential, and compensatory damages caused to Plaintiffs and the Class by Legacy's conduct, the amount of which is to be proven at trial;

C.    Disgorgement and restitution to Plaintiffs and the Class of all money and other property that Legacy has acquired as a result of its unfair or deceptive acts and practices in violation of the UTPA, ORS 646.005 et seq.;

E.    A constructive trust imposed on:

    a.    Legacy's federal and State of Oregon tax-exempt savings;

    b.    Legacy's profits obtained from charging Plaintiffs and the Class the highest and full, undiscounted charges for medical care at rates much higher than the rates it charges its insured patients for the same services;

    c.    Legacy's net assets and revenues in an amount sufficient to provide Plaintiffs and the Class with affordable or charitable medical care; and

F.    A permanent injunction ordering Legacy to cease and desist:

    a.    charging Plaintiffs and the Class the highest and full undiscounted charges for medical care;

    b.    charging Plaintiffs and the Class higher rates for medical services than it charges its insured patients for the same services; and

    c.    conditioning the access of its uninsured patients to emergency medical care on their prior written agreement to pay for all charges not covered by insurance;

G.    A declaratory and injunctive order:

/ / /

/ / /

LAW OFFICES OF
WILLIAMS LOVE O'LEARY CRAINE & POWERS, P.C.
1001 SW 5th Avenue, Suite 1900
Portland, Oregon 97204-1135
503/295-2924
503/295-3720 (facsimile)

    d.    declaring that the form agreements that Legacy required Plaintiffs and the Class to sign as a condition to receiving emergency medical care are void and unenforceable because they were signed under duress, were contracts of adhesion, and violated EMTALA, 42 U.S.C. § 1395dd;

    e.    requiring Legacy to provide affordable or charitable care to Plaintiffs and the Class; and

    f.    requiring Legacy to charge Plaintiffs and the Class no more for medical services than it charges its insured patients for the same services;

H.    Plaintiff's attorneys' fees and costs pursuant to ORS 646.005 et seq., and other applicable grounds; and

I.    Such other relief as the Court may deem appropriate.

DATED this 29th day of September, 2004.

Respectfully Submitted,

WILLIAMS, LOVE, O'LEARY, CRAINE & POWERS, P.C.

_____
Michael L. Williams, OSB #78426
Brian S. Campf, OSB #92248
Attorneys for Plaintiffs and the Class

Of counsel:
John W. Phillips, WSBA #12185
Matthew Geyman, WSBA #17544
PHILLIPS LAW GROUP, PLLC
315 Fifth Avenue South, Suite 1000
Seattle, WA 98104-2682
(206) 382-6163 telephone
(206) 382-6168 facsimile

Page 31 CLASS ACTION COMPLAINT FOR DAMAGES
AND DECLARATORY, INJUNCTIVE AND OTHER EQUITABLE RELIEF

LAW OFFICES OF
WILLIAMS LOVE O'LEARY CRAINE & POWERS, P.C.
1001 SW 5th Avenue, Suite 1900
Portland, Oregon 97204-1135
503/295-2924
503/295-3720 (facsimile)